ALMON, Justice.
The State of Alabama appeals from a judgment of the Circuit Court holding unconstitutional Act No. 447, 1975 Regular Session of the Alabama Legislature, effective September 22, 1975.
On November 25, 1975, appellees Joseph W. Dorrough and Cecil E. Norris were arrested for hunting deer at nighttime. They were subsequently convicted in the Inferior Court of Clarke County under Tit. 8, § 86, Code of Alabama 1940, Recompiled 1958, and fined $250.00 each. They appealed the conviction to the Circuit Court.
On November 26, 1975, the district attorney for the First Judicial Circuit instituted condemnation and forfeiture proceedings *782 against a 1976 Chevrolet four-wheel drive Blazer, two rifles, and two shotguns which had been in the possession of the appellees. The State prayed “that all right, title and claim of all persons in and to said property be sold . . . .” The forfeiture proceedings were instituted under Act No. 447, supra.
“Section 1. Any motor vehicle, or any gun, rifle, ammunition or other hunting equipment which has been or is used for illegal nighttime deer hunting in Clarke County shall be contraband, and, in the discretion of the circuit court of such county, may be forfeited to the State of Alabama, as hereinafter provided.”
The issue before us is whether Act No. 447 violates either Article 4, § 104(10) or § 104(14) of the Alabama Constitution of 1901:
“Sec. 104. The legislature shall not pass a special, private, or local law in any of the following cases:
“ (10) Providing for the sale of the property of any individual or estate;
“ (14) Fixing the punishment of crime;
The State does not argue that Act No. 447 is not a local law. See Opinion of the Justices, 284 Ala. 626, 227 So.2d 396 (1969). It contends that § 104(14) of Article 4 does not apply because a forfeiture is not a punishment, but offers no reasons why § 104(10) of Article 4 should not apply.
Article 4, § 104(10), prohibits our lawmakers from passing a local law providing for the sale of property of any individual. Neither the briefs nor our research of the proceedings of the 1901 Constitution or subsequent case law resulted in any aid to interpreting this provision. However, taking the words of the provisions as they would normally be understood, we see no reason why it would not apply to a forfeiture case. An involuntary sale of an individual’s property with the proceeds going to the State is the direct consequence of a forfeiture proceeding. Sec. 3 of Act No. 447 requires that the condemnation proceedings against any motor vehicle or hunting equipment be conducted in the same fashion as those used in the illegal transportation of alcoholic beverages, and Sec. 250 of Title 29, Intoxicating Liquors, requires that property illegally used in the transportation of liquor be sold.
Conceivably, the drafters meant the provision to apply only to voluntary sales as distinguished from involuntary sales, or conceivably, only to specifying the procedure of an involuntary sale as distinguished from specifying what act might require an involuntary sale. However, we see no reason to so speculate; the words of the provision are clear.
Moreover, if the legislature allowed each county to determine what acts constitute a forfeiture of an individual’s property, it would be furthering the evil the drafters of Art. 4, § 104, attempted to eliminate.
“The evil of local legislation has long been recognized, not only in Alabama, but in many other States of the Union. A number of recent State constitutions have endeavored to check this tendency on the part of the Legislative Department, by absolute prohibition of local or special laws in certain enumerated cases. This method of enumerating the subjects, as to which the legislature is prohibited from passing local, special or private laws, seems to be the only feasible plan of accomplishing the result, and has received the approval of the following States: California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Montana, Nevada, New Jersey, New York, South Carolina, North Dakota, Oregon, Pennsylvania, South Dakota, Texas, Washington, West Virginia, Wisconsin and Wyoming. The reason why the other States have not sought to check this evil by similar constitutional limitation on the power of the legislature, is no doubt due to the fact that they have not framed new constitutions since the danger from this class of legislation has become so *783 patent, and its rapid and ever increasing growth so alarming.
“The Constitutional Convention of 1875 endeavored by what were then regarded as stringent provisions, to prevent the growth of such legislation in Alabama, but that their efforts failed, is made evident by the ever increasing flood of local and special laws which fill volumes containing the act of the General Assembly. In recent years the number of local laws enacted have outnumbered the general laws in the proportion of about twenty to one. The books containing the general laws of the last two sessions of the General Assembly are less than the size of the old blue backed Webster spelling book, while the volumes containing the local laws of those sessions are nearly ten times the size.
“These local, special or private bills which we have sought to prohibit and regulate destroy the harmony of the law, consume the time of the legislature, and in some State [sic] have been the fertile source of jobbery. In the enumeration of subjects concerning which it is proposed the General Assembly shall not legislate by special, private or local law, we have endeavored to include those matters which seem to have consumed most of the time of the legislature and occupied most of the space in the published acts.” Report of the Committee on Local Legislation, Official Proceedings, Constitutional Convention 1901, State of Alabama, Vol. 1, pp. 827-828.
Having concluded that Act No. 447, 1975 Regular Session of the Alabama Legislature, violates Article 4, § 104(10) of the Alabama Constitution of 1901, we need not determine whether it also violates § 104(14) of Article 4.
The trial judge was correct and the judgment is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.